JUDSON v. JUDSON.

1. MARRIAGE—EXISTENCE OF RELATION—COMMON-LAW MARRIAGE
—REQUISITES.
   To constitute a common-law marriage, the parties must presently
   agree to take each other for husband and wife, and live to-
   gether in that relation.

2. SAME—EVIDENCE—SUFFICIENCY.
   On a bill to affirm a common-law marriage with defendant,
   the testimony of the complainant that defendant requested
   her to come to his house, and that they would be married as
   soon as his mother left; that whenever she asked him to have
   a marriage ceremony performed, he put her off; and that for
   several years they lived together, she supposing that she was
   going to be his wife — does not establish a common-law
   marriage.

Appeal from Wayne; Hosmer, J. Submitted January
17, 1907. (Docket No. 52.) Decided March 12, 1907.

Bill by Mary J. Judson against Henry C. Judson to af-
firm a common-law marriage. From a decree for com-
plainant, defendant appeals. Reversed, and bill dis-
missed.

*George F. Monaghan*, for complainant.

*George X. M. Collier*, for defendant.

CARPENTER, J. This suit is brought, under section 8619
of the Compiled Laws of 1897, to procure a decree affirm-
ing a common-law marriage. Complainant affirms, and
defendant denies, the existence of said marriage. The
circuit court rendered a decree in favor of complainant.
Defendant asks us to reverse that decree.

Was there a common-law marriage between these
parties? The test is this: Did they presently agree to
take each other for husband and wife, and live together

in that relation? *Hutchins* v. *Kimmell*, 31 Mich. 126; *Lorimer* v. *Lorimer*, 124 Mich. 631. If we were to determine this issue merely from the conduct and declarations of the parties, we might infer the existence of such an agreement, for they cohabited together several years, and much of their conduct and declarations indicated the existence of a marital relation; but in this case the agreement of the parties is not to be determined by inference from acts and conduct. Each party to that agreement testifies, and the testimony of complainant herself—and even that testimony is not corroborated by defendant—demonstrates that her agreement with defendant did not constitute a common-law marriage. We quote her testimony:

"The doctor [defendant] said: '* * * You come and get my mother ready * * * to visit her daughters, and we will be married as soon as we get mother off.' * * * And I did so, and continued staying at the house, and, whenever I would ask him to have the marriage ceremony performed, he always put me off. * * * During that month and year, September, I first lived together with him as husband and wife, and we were living 10 years this September. * * * I supposed I was going to be his wife. I expected he would be man enough to keep his word. * * * I performed the duties of a wife right straight along. * * * I knew it was a breach in etiquette (to cohabit with him as man and wife), a breach on society, but I supposed the doctor was always a man that would keep his word."

This testimony establishes a promise of marriage, a breach of that promise, and seduction; but it does not establish a marriage. On the contrary, it proves that the parties did not presently agree to take each other for husband and wife. We are compelled, therefore, to decide that no common-law marriage existed between the parties.

The decree of the circuit court must be reversed, and complainant's bill dismissed.

McALVAY, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.