## McCONNELL *v.* McCONNELL.

1. ANNULMENT OF MARRIAGE—COMMON-LAW MARRIAGE—EVIDENCE—BURDEN OF PROOF.

   In proceedings by a husband to annul a marriage on the ground that defendant had a former lawful husband living, the burden of proof is upon her to establish her claim that after she obtained a divorce from the former husband marital relations constituting a common-law marriage were resumed between herself and plaintiff.

2. SAME—COHABITATION—MUTUAL PROMISES.

   Mere cohabitation, without a mutual understanding that they should accept each other as husband and wife, would be insufficient to establish a common-law marriage.

3. SAME—EVIDENCE—SUFFICIENCY.

   *Held,* that the record fails to establish a common-law marriage, and the decree of annulment is therefore affirmed.

Appeal from Wayne; Mandell (Henry A.), J. Submitted June 10, 1920. (Docket No. 31.) Decided September 30, 1920.

For authorities discussing the question of presumption flowing from marriage ceremony, see notes in 45 L. R. A. 540; 16 L. R. A. (N. S.) 98; 34 L. R. A. (N. S.) 940; and L. R. A. 1915E, 186.

On sufficiency of words and conduct to constitute common-law marriage, or of circumstantial evidence to imply marriage, see note in L. R. A. 1915E, 60.

Bill by James McConnell against Dorothy McConnell for the annulment of a marriage. From a decree for plaintiff, defendant appeals. Affirmed.

*Eugene L. Mistersky* and *William K. Campbell,* for plaintiff.

*Edward S. Grece,* for defendant.

BIRD, J. The parties to this suit were married in October, 1910. Both had been previously married. They lived together until March, 1917, when their marital relations ceased. No children resulted from this marriage. The interruption in their relations was caused by information coming to plaintiff from the public authorities that defendant had another living husband. Plaintiff had supposed, up to that time, that she was divorced from him. She claims that she understood she was divorced. Inquiry by plaintiff led to the information that she had filed a bill for divorce in the Livingston circuit court, but that it had never gone to a hearing. Following the disclosure defendant took steps to have her suit carried to completion. In this she was successful, a decree being granted her in March, 1918. It is plaintiff's claim that he never resumed the marriage relation with her after learning that she had another husband, although he admits that they lived in the same house, the house being his property. Defendant admits that the marriage relation ceased when plaintiff learned the situation, but claims it was resumed again after her decree was granted. It is conceded that no ceremonial marriage took place after her decree was granted. The chancellor could not find enough in the proofs to establish a common-law marriage, he, therefore, granted the prayer of plaintiff's bill, annulling the marriage.

The burden of proof rested with defendant to establish a common-law marriage after her decree of

divorce was granted.   She testified that he invited her to his bed again and that they resumed the marital relations and thereafter continued them, as they previously had, and that he treated her as his wife and spoke of her to others as such.   There is but slight corroboration of her claims.   Plaintiff denied that they ever resumed the marriage relations and denied that there was ever any agreement to resume them, and denied that he treated her or spoke of her to others as his wife.   Should we give credence to her claim that cohabitation was resumed we think her proofs fail to show that the relation was resumed under conditions that would establish a common-law marriage.   It is not enough that they cohabited after her divorce, the same as before, unless they did so with a mutual understanding that they should accept each other as husband and wife, otherwise their relations were illicit.   The case must fall in the class represented by *Van Dusan* v. *Van Dusan*, 97 Mich. 70.

We are of the opinion that upon the whole record defendant has failed to establish a common-law marriage and we, therefore, agree with the chancellor in annulling the marriage.   The decree of the lower court will be affirmed.   No costs will be allowed either party.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.