BRODOCK *v.* BRODOCK.

1. MARRIAGE—COMMON-LAW MARRIAGE—TEST.
   The test of a common-law marriage is whether the parties
   presently agreed to take each other for husband and wife
   and thereafter lived together in that relation.

2. DIVORCE—MARRIAGE — DIVORCE PROPERLY REFUSED WHERE NO
   MARRIAGE SHOWN.
   In a suit for divorce, evidence that the parties had lived
   together for several years and had held themselves out
   as husband and wife was insufficient to establish a valid
   common-law marriage, in the absence of testimony by
   either of them that they at any time took each other
   presently as husband and wife, and therefore the suit was
   properly dismissed.

Appeal from Calhoun; North (Walter H.), J.   Submitted June 7, 1928.   (Docket No. 51, Calendar No. 33,289.)   Decided July 24, 1928.

Bill by Delbert A. Brodock against Essie Belle Brodock for a divorce from an alleged common-law marriage.   Defendant filed a cross-bill for a divorce. From a decree dismissing bill and cross-bill, plaintiff appeals.   Affirmed.

*George A. Winkler,* for plaintiff.

FELLOWS, J.   Plaintiff files this bill to obtain a decree of divorce from a common-law marriage.   Defendant by way of cross-bill also seeks such a decree. The bill and cross-bill were both dismissed on the ground that no common-law marriage was established. Plaintiff appeals.   There is no question upon this record but that the parties held each other out as husband and

Upon the question as to whether habit and repute as essential to common-law marriage, see annotation in 33 A. L. R. 27.

wife during the several years they lived together. To their friends, acquaintances, and the public generally, they were husband and wife. The serious question on the record is whether they were husband and wife *inter se,* as to whether a common-law marriage had actually taken place. Plaintiff was 21 years old, defendant 20 when she began living at the home of plaintiff's parents. She had been married at the age of 17 but was then divorced from her former husband. They went together, became fond of each other, transgressed the moral code, and she became pregnant. They were going to visit her parents who lived in the country and a marriage license was taken out, and its issuance appeared in the paper with the others. They made the visit and stated to her parents that they were married; they lived together for several years and two children were born, one of whom is now living. No ceremonial marriage ever took place. Plaintiff in explaining why the license was not used testified:

"She said that she did not think that we had money enough, or said that we did not have money enough to buy clothes that she wanted to get married in. I suggested to her that we have a little informal marriage before the justice of the peace but I was within the draft limit and she thought we had better save that money."

Defendant insists she was not the one who put the marriage off, but that plaintiff declined to go ahead with it for financial reasons. Neither testifies that at any time before or while they lived together did they take each other presently as husband and wife.

Something more than a holding out as husband and wife is necessary to constitute a common-law marriage; something more than cohabitation is necessary. As was said by Mr. Justice MCDONALD, speaking for the court in *Griffin* v. *Griffin,* 225 Mich. 253:

"As has been said in numerous decisions of this court, the test of a common-law marriage is, Did they presently agree to take each other for husband and wife and thereafter live together in that relation?"

Among the numerous cases in this court sustaining this rule, see *Hutchins* v. *Kimmell,* 31 Mich. 126 (18 Am. Rep. 164) ; *Judson* v. *Judson,* 147 Mich. 518; *People* v. *Spencer,* 199 Mich. 395; *Burns* v. *Stevens,* 236 Mich. 443; *McConnell* v. *McConnell,* 211 Mich. 483; *Brown* v. *Long Manfg. Co.,* 213 Mich. 221; *Rose* v. *Rose,* 67 Mich. 619; *Van Dusan* v. *Van Dusan,* 97 Mich. 70; *Lockwood* v. *Lockwood,* 220 Mich. 124.

Nor does this case fall within the line of cases in which an unsophisticated girl is imposed upon by a false marriage ceremony or its equivalent.    Defendant makes no such claim.    Indeed, she left the plaintiff some years ago, married another man, and is now living in St. Louis, Mo.    This sordid record presents no appealing equities of either party.

The decree will be affirmed, without costs to either party.

FEAD, C. J., and WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.    NORTH, J., did not sit.