## In re MEREDITH'S ESTATE.

1. STATUTES—CONSTRUCTION OF SECTIONS REFERRING TO SAME SUBJECT MATTER.

Two sections of the same statute, designed to bar inheritance by spouse living in a bigamous relation from estate of spouse to which such person was legally married, which refer to the same subject matter should be considered in the light of their common meaning (3 Comp. Laws 1929, §§ 13510, 13511).

2. MARRIAGE—BIGAMY.

A bigamous marriage is void and, being void and of no effect, would be a purported marriage.

3. HUSBAND AND WIFE—BIGAMY—DESCENT AND DISTRIBUTION.

Statute designed to bar inheritance by spouse living in a bigamous relation from inheriting anything from estate of person to whom such spouse was lawfully married *held*, to contemplate a bigamous marriage and to be operative only when such relation is established (3 Comp. Laws 1929, §§ 13510, 13511).

4. BIGAMY—COMMON-LAW MARRIAGE.

Bigamy may exist even though one of the marriages is a common-law marriage.

5. MARRIAGE—COMMON-LAW MARRIAGE.

Common-law marriage is not established by mere cohabitation and passing as husband and wife but it is also essential that there be shown to have been a present agreement between the parties to take each other as husband and wife.

6. DESCENT AND DISTRIBUTION — HUSBAND AND WIFE—BIGAMY — FINDINGS OF COURT.

Findings of trial court that husband of intestate and another woman were not living together pursuant to a purported marriage, either ceremonial or common-law, were not living in a bigamous relation at the time of the death of intestate and that husband was the sole heir of deceased *held*, proper, hence he was not prohibited by statute from inheriting estate of deceased wife (3 Comp. Laws 1929, §§ 13510, 13511).

(298)

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted January 13, 1937. (Docket No. 130, Calendar No. 39,350.) Decided April 9, 1937.

In the matter of the estate of Mary Alberta Meredith, deceased. Petition by Pearl Marshall and others for determination of heirs. Frank Meredith objected thereto. From order of probate court dismissing petition and finding Frank Meredith sole heir at law, plaintiffs appealed to circuit court. Suggestion of death of Frank Meredith. Ida Melendy and Letha G. Underhill substituted as defendants. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Cowell & Frankhauser,* for plaintiffs.

*George A. Winkler,* for defendants.

CHANDLER, J. Frank M. Meredith was the husband of Mary Alberta Meredith, deceased, and although they had been separated for many years, no divorce was ever obtained by either party. Frank M. Meredith became acquainted with Ida Melendy, and shortly thereafter, either in the year 1908 or 1909, they commenced living together in the city of Kalamazoo. They later moved to Albion and finally to Jackson, continuing to live together until the death of Frank M. Meredith in June, 1936.

While in Kalamazoo, they lived in a rented house, furnished by Ida. Each contributed a portion of the household expenses and he paid her seven dollars a week as wages for keeping house. During all these years, she was variously known as Ida Meredith, Mrs. F. M. Meredith, and Mrs. Frank M. Meredith. In Jackson the telephone was in the name of Mrs. F. M. Meredith and they were listed

in the city directory as follows: "Meredith, Frank M. (Ida) . . ." When this petition to determine the legal heirs of Mary Alberta Meredith, deceased, was filed, notice was sent by registered mail to Frank M. Meredith and the registry receipt was signed, "F. M. Meredith, by Mrs. F. M. Meredith." Frank purchased real estate, the deed being taken in the name of Frank M. Meredith and Ida Meredith, husband and wife. His explanation of this was as follows:

"I don't know anything about law. I took it on myself to fix it, so if I died she would have the property. * * * After the death of Mary Alberta Meredith, Ida Meredith and I continued to live in the same house and I did want her to inherit my property in case of my death."

They were known as husband and wife, but both testified that no form of a marriage ceremony was ever performed, nor was there ever any agreement between them to take each other as husband and wife. As to why she took the name of Meredith, Ida testified:

"I can't explain it but I didn't have to explain everything to all the neighbors about my keeping house. I have a good character and a good reputation where I lived. * * *
"*Q.* You said that you took the name of Meredith because you would not have to explain?
"*A.* Yes.
"*Q.* All right—explain what?
"*A.* My keeping house for him."

She further testified:

"We didn't say we would live together as husband and wife and did not intend to."

We quote from the testimony of Frank.

"We never entered in a marriage ceremony or any agreement of any kind in regard to any marriage."

The estate of Mary Alberta Meredith, deceased, consists solely of real property. Prior to the death of Frank M. Meredith, he petitioned to be appointed administrator of said estate, and also executed two deeds, one to Ida Melendy, and the other to Letha Underhill, each conveying an undivided one-half interest in the property involved.

The appellants, first cousins of the deceased, appeal from an order and judgment of the circuit court for the county of Calhoun affirming an order of the probate court of said county, determining Frank M. Meredith to be the sole and only heir of the deceased, to the exclusion of the appellants, also, from an order denying a motion for a new trial.

The sections of the statute pertinent to a determination of this cause are 3 Comp. Laws, 1929, §§ 13510, 13511, the first reading:

"No person who, at the time of the death of the lawful husband or wife of such person, was or shall be living with another person, within or without the State, pursuant to a purported marriage, but in fact in a bigamous relation, shall inherit or take any estate, right or interest whatever, by way of dower, allowances, inheritance, distribution, or otherwise, in the property or estate, real or personal, of the deceased."

The next section is as follows:

"In any order determining heirs, or of distribution, hereafter to be made, if it shall appear to the probate court that the surviving spouse was thus living in bigamy at the time of such death, whether

the death occurred before or after the passage of this act, such order shall be made in all respects as if such spouse had not survived.''

It is contended by the appellants that the phrase, "pursuant to a purported marriage, but in fact in a bigamous relation," as used in section 13510 contemplates a relationship which appears to be one of marriage, but that such relationship need not be one in which the parties are living in actual bigamy in order that the statute may become operative. We cannot accede to this interpretation.

Had the legislature used merely the words "pursuant to a purported marriage," without also adding, "but in fact in a bigamous relation," it would be persuasive that the statute should be effective in instances where the relationship of the parties was such that it merely appeared from their conduct that a marriage, either ceremonial or common law, existed. But we feel that something more than circumstances creating the mere appearance of marriage was the legislative intent.

The two sections of the statute, quoted *supra,* refer to the same subject matter and should be considered in the light of their common meaning. Section 13511 describes the same relationship referred to in the preceding section. The relationship is there described as "thus living in bigamy.''

A bigamous marriage is void. *People* v. *Brown,* 34 Mich. 339 (22 Am. Rep. 531). Such a marriage, being void, and of no effect, would be a purported marriage.

We are, therefore, constrained to hold that the language of the statute contemplates a bigamous marriage, and becomes operative only when such a relationship is established.

It is unquestionably true that bigamy may exist even though one of the marriages is a common-law marriage. *People* v. *Mendenhall,* 119 Mich. 404 (75 Am. St. Rep. 408) ; *People* v. *Lewis,* 221 Mich. 164; *People* v. *Sokol,* 226 Mich. 267. However, to establish a common-law marriage, it is not alone sufficient that the parties cohabited and were known as husband and wife, but it is essential that it also be shown that there was a present agreement between the parties to take each other as husband and wife. *Hutchins* v. *Kimmell,* 31 Mich. 126 (18 Am. Rep. 164) ; *Peet* v.*Peet,* 52 Mich. 464; *Lorimer* v. *Lorimer,* 124 Mich. 631; *Judson* v. *Judson,* 147 Mich. 518; *People* v. *Spencer,* 199 Mich. 395; *Lockwood* v. *Lockwood,* 220 Mich. 124; *Griffin* v. *Griffin,* 225 Mich. 253; *Brodock* v. *Brodock,* 243 Mich. 505. The parties hereto at no time entered into such an agreement.

We are in accord with the findings of the trial court that,

"Frank M. Meredith and Ida Melendy were not living together pursuant to a purported marriage, either ceremonial or common law, and were not in fact living in a bigamous relation at the time of the death of Mary Alberta Meredith, the lawful wife of Frank M. Meredith, and therefore he is not prohibited by 3 Comp. Laws 1929, § 13510, from inheriting his interest in the estate of Mary Alberta Meredith.

"I further find that Frank M. Meredith is the sole and only heir to said estate, and that a judgment should enter affirming the order of the probate court determining heirs in said estate."

Judgment affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.