HANNIGAN *v.* HANNIGAN.

1. Marriage—Divorce—Common-Law Marriage—Subsequent Cohabitation—Execution of Instruments—Present Agreement.
    Fact that after a divorce the parties lived or cohabited together as husband and wife or that plaintiff signed mortgages as wife of defendant does not establish essential requirement of common-law marriage that there be a present agreement to take each other as husband and wife.

2. Same—Divorce—Subsequent Cohabitation—Common-Law Marriage—Evidence.
    Evidence showing that plaintiff and defendant merely lived together as husband and wife with an intention to have a marriage at some time in the future was insufficient to establish a common-law marriage of parties who had been theretofore divorced.

References for Points in Headnotes
[1–3] 35 Am Jur, Marriage, §§ 41, 42.

3. SAME—COMMON-LAW MARRIAGE.
   Common-law marriage is not established by mere cohabitation and passing as husband and wife but it is also essential that there be shown to have been a present agreement between the parties to take each other as husband and wife.

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 6, 1950. (Docket No. 16, Calendar No. 44,566.) Decided September 11, 1950.

Bill by Constance Hannigan against Charles C. Hannigan for divorce from claimed common-law marriage. Decree for defendant. Plaintiff appeals. Affirmed.

*Raymond W. LaBar* (*William S. McDowell*, of counsel), for plaintiff.

*Harold F. Coyle,* for defendant.

BOYLES, C. J. Plaintiff and defendant were married in 1914 and divorced in 1926. Plaintiff, claiming that the divorce was followed by a common-law marriage in 1927 and that it lasted until 1938 or 1939, filed in July, 1946, the bill of complaint in this case for dissolution of said common-law marriage. The defendant answered, denying the existence of any common-law marriage. At the conclusion of a hearing at which the plaintiff was the only witness sworn, the trial judge entered a decree dismissing the bill of complaint, and the plaintiff appeals.

The only meritorious question involved is whether plaintiff's testimony establishes the existence of a common-law marriage. She testified that she lived with the defendant "as husband and wife" in 1927 and until 1938. The only testimony bearing on the crucial issue as to whether there was a present

agreement between them to take each other as husband and wife was as follows:

"*Q.* Did you have any conversation with Mr. Hannigan after the 3d day of November, 1926 (the date of the decree of divorce from their ceremonial marriage)?

"*A.* After the divorce was over, we went back to live together.

"*The Court:* Did you have any conversation with him? * * *

"*A.* Yes, I did, sure, sure.

"*Q.* When was the first time you talked with him after that?

"*A.* It was right shortly after.

"*Q.* What did you talk about? * * *

"*A.* What did we talk about? I told him that his Mother hadn't been given any money for taking care of the children and was after me for money all the time, and she said she wanted me to live over there.

"*Q.* You said that to Mr. Hannigan. Did you talk about anything else?

"*A.* Well, there was just one thing we talked about. We talked about going back together again, and taking the children back home and letting them continue school.

"*Q.* And what did you say, or he say to you, about that?

"*A.* He said we would agree to be married over again, and that is what we did, so we made an agreement.

"*Q.* When was that?

"*A.* We made an agreement right then and there, and we went back to live after that."

The circuit judge properly held that the testimony was not sufficient to comply with the essential requirement of a common-law marriage, a present agreement to take each other as husband and wife. The fact that the parties lived or cohabited together as husband and wife, or that plaintiff signed mort-

gages in 1927 and 1928 as the wife of the defendant, on real estate in which plaintiff now seeks in the instant case to establish a half interest, does not establish such essential requirement.

"As has been said in numerous decisions of this Court, the test of a common-law marriage is, Did they presently agree to take each other for husband and wife and thereafter live together in that relation? Measured by this test the evidence does not sustain the claim that a common-law marriage was entered into. * * * The testimony of the plaintiff herself clearly shows that their relation was but an illicit cohabitation with the intention of a marriage some time in the future. * * * It is clear from this testimony that the only understanding they had was that they should live together as husband and wife and get married at some future time. There was no taking of each other for husband and wife, and neither of them understood that there was a marriage. There was no agreement that they should become husband and wife without a formal marriage. Such an arrangement does not constitute a common-law marriage." *Griffin* v. *Griffin*, 225 Mich 253.

"To establish a common-law marriage, it is not alone sufficient that the parties cohabited and were known as husband and wife, but it is essential that it also be shown that there was a present agreement between the parties to take each other as husband and wife. *Hutchins* v. *Kimmell*, 31 Mich 126 (18 Am Rep 164); *Peet* v. *Peet*, 52 Mich 464; *Lorimer* v. *Lorimer*, 124 Mich 631; *Judson* v. *Judson*, 147 Mich 518; *People* v. *Spencer*, 199 Mich 395; *Lockwood* v. *Lockwood*, 220 Mich 124; *Griffin* v. *Griffin*, 225 Mich 253; *Brodock* v. *Brodock*, 243 Mich 505." *In re Meredith's Estate*, 279 Mich 298.

Further militating against plaintiff's claim of such a marriage in 1927, the plaintiff in 1943 filed a bill of complaint against the defendant in the circuit court for Oakland county reciting that they were

*formerly* husband and wife, that subsequent to the divorce in 1926 they were *tenants in common* of the real estate described in the mortgages hereinbefore referred to, and asked for a decree for an undivided one-half interest therein. That case was dismissed on motion and before trial, and no appeal taken.

Affirmed, with costs to appellee.

Reid, North, Dethmers, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.