**Anna C. NELSON, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 3859.**

United States District Court
D. North Dakota,
Northeastern Division.

April 6, 1963.

Chester J. Serkland, of Cupler, Tenneson, Serkland & Lundberg, Fargo, N. D., for plaintiff.

John O. Garaas, U. S. Atty., and Gordon Thompson, Asst. U. S. Atty., Fargo, N. D., for defendant.

RONALD N. DAVIES, District Judge.

This is an action for judicial review of the final decision of the Secretary of Health, Education and Welfare, determining that Plaintiff is not entitled to old age benefits under the Social Security Act, 42 U.S.C.A. § 401 et seq. This Court has jurisdiction under Section 205 (g) of the Act, (42 U.S.C.A. § 405(g)).

Both Plaintiff and Defendant have filed motions for summary judgment and briefs in support of and opposition thereto. Succinctly stated, the facts upon which the Secretary relied are these:

The Plaintiff is a widow now 85 and owns a life estate in a 160 acre North Dakota farm upon which she maintains her home. In 1948 she orally arranged with the Satrom brothers to farm her land. Terms of the agreement were that Plaintiff was to decide how many acres were to be planted in various crops. She was to select and furnish the necessary seed. She was to determine the necessity of spraying and furnish the spray, and she was to pay one-half the cost of combining. Twenty acres were reserved by Mrs. Nelson for her own use.

The Satrom brothers were to furnish all necessary machinery and labor, pay half the combining expenses, deliver the harvested grain to the elevator and to apply weed spray when directed so to do. This agreement continued and was effective during the years in question, 1956, 1957 and 1958, and has remained so.

The record reveals that Plaintiff helped her son raise potatoes and sheep on the reserve 20 acres, the proceeds being divided equally. She was especially active with the sheep during lambing times and furnished them water from a hand pump whenever her son was absent. Moreover, she helped clean and sack potatoes and took an active part in their sale.

During the crop season Plaintiff and her son would inspect the farm the Satroms were working several times a week, and if it appeared that some particular work needed to be done, she so informed the Satroms. For example, she directed the summerfallow in 1956, directed a reseeding of a portion of the crop in 1956 and directed the plowing un-

der of eight acres of millet crop in 1958 with which directions the Satroms complied. The Plaintiff was usually accompanied by her son when inspecting the land, and quite naturally consulted with him as to what work should be undertaken. He also accompanied her during discussions with the Satroms, but the Plaintiff herself at all times had the right to, and did make the final decisions. It may be noted also that the Plaintiff disposed of her share of the crop personally.

It is upon these facts the Referee based his decision, subsequently adopted by the Secretary, that:

"It would be most unusual for a lady 80 years of age or more to actively and materially participate in the production on a farm after she had divested herself of title in such farm save for a life estate. This becomes increasingly clear when it is seen that such a person had been renting the farm since the year of 1947 and that she has a son upon whom she depends for the doing of all those things that a landlord conventionally does. Here, from observation of the condition and the advanced age of the claimant, as well as from the observation of the other witnesses, the hearing examiner can only conclude that the claimant has been in the state of retirement for many years and that she did not materially participate in the production of the farm, in which she has a life estate, in the years 1956, 1957 and 1958. The reasons moving the hearing examiner to such conclusions are are (sic) as follows:

"1. The 160-acre farm here involved has been rented to the Satrom brothers since 1947.

"2. The claimant sought to relieve herself of responsibility for the operation of the farm and divested herself of title, save for a life estate, in the year 1951.

"3. The claimant is a person 82 years of age and it was obvious because of her age and general condition that she was incapable of materially participating in the production on a 160-acre farm.

"4. The testimony and the exhibits indicated that it was the son, Harold, who stood in the capacity of a landlord and made the decisions with respect to seeding, placing of crops and general production matters. It may be remarked that even the evidence in this regard did no more than to show that nothing was done other than is done by one customarily overseeing the ownership of a farm. Furthermore, the tenant here was involved in a very extensive operation and needed nor had interference from any source.

"5. The evidence indicates that income of the claimant was paid to her after all costs had been deducted and fails to show outlays for production purposes on her part."

The legal standards to be applied under the circumstances here have been stated by the United States Court of Appeals for the Eighth Circuit in several recent cases, Foster v. Celebrezze, 313 F.2d 604 (Feb., 1963); Celebrezze v. Wifstad, 314 F.2d 208 (March, 1963); Celebrezze v. Benson, 314 F.2d 219 (March, 1963).

"* * * Judicial review under that section demands that a reviewing court satisfy itself 'that the agency determination has warrant in the record, viewing that record as a whole, and a reasonable basis in law' therefor. Boyd v. Folsom, supra [257 F.2d 778], l. c. 781. The performance of that judicial function can only be accomplished by a 'case-to-case consideration.' Hoffman v. Ribicoff, supra [305 F.2d 1], l. c. 9; Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951)." Celebrezze v. Wifstad, supra.

Applying the proper legal standards, there is an obvious lack of substantial evidence to afford a basis for the deter-

mination of the Secretary that the Plaintiff is not entitled to old age insurance benefits under Section 211(a) (1) of the Act.

The Plaintiff's motion for summary judgment is granted. The Defendant's cross-motion for summary judgment is denied.

Counsel for Plaintiff will prepare and submit through the Clerk of this Court the necessary instruments to effectuate this decision. It is so ordered.