**Bobbie J. COX, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 5–70290.**

United States District Court, E. D. Michigan, S. D.

Dec. 19, 1975.

Martin W. Bordoley, Southfield, Mich., for plaintiff.

Gwen Carr, Asst. U. S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION

FEIKENS, District Judge.

This case requires the court to decide between conflicting claims for wife's disability insurance benefits under the Social Security Act. The issue is framed by 42 U.S.C. § 416(h)(1)(A), which provides:

"An applicant is the wife . . . of a fully or currently insured individual for purposes of this subchapter if the courts of the State in which such insured individual is domiciled at the time . . . would find that such applicant and such insured individual were validly married at the time such applicant files such application."

Both Eva Cox (Eva) and Bobbie Cox (Bobbie) claim to be the wife of the insured, James E. Cox, who became eligible for disability insurance benefits in February, 1971. He was been domiciled in Michigan from that date (and earlier) to the present. The Secretary has determined that Eva is entitled to the wife's benefits and Bobbie seeks judicial review of the Secretary's decision under 42 U.S.C. § 405(g). Both parties have moved for summary judgment.*

■ The Secretary contends that "[t]he only issue before the court is whether the Secretary's decision is supported by substantial evidence". Memorandum in Support of Defendant's Motion for Summary Judgment at 2 (June 28, 1975). The substantial evidence test, however, is limited by the express language of § 405(g) to "[t]he findings of the Secretary as to *any fact*" (emphasis added); it does not apply to questions of law, which are fully reviewable by the court. *Celebrezze v. Wifstad,* 314 F.2d 208, 210 (8th Cir. 1963); *Foster v. Celebrezze,* 313 F.2d 604, 606 (8th Cir. 1963); *Conley v. Ribicoff,* 294 F.2d 190, 194 (9th Cir. 1961). The issue here is one of law, namely, whether the courts of Michigan would recognize Eva or Bobbie as the wife of James Cox.

Eva and the insured began living together in June, 1951 in Kentucky. They moved to Ohio in April, 1952 and from there to Michigan in August, 1952. They lived together in Michigan until they parted company in January 1961. (Transcript at 105, 109.) At no time were they ceremonially married, nor were they formally divorced.

Bobbie and the insured were ceremonially married on November 23, 1963 and have lived together continuously from that date to the present. When the insured became eligible for disability benefits in February, 1971, the wife's benefits were awarded to Bobbie. On May 7, 1971, however, Eva filed an application for wife's benefits (transcript at 96–99), which was granted; Bobbie's benefits were terminated in July, 1971.

---

* Since Eva's interest in the benefits is at stake in this lawsuit, the court on its own motion sent her a certified letter, dated October 10, 1975, inviting her to participate. While the return receipt indicates that the letter was received, Eva did not reply or enter an appearance.

The insured then filed a complaint in Wayne County Circuit Court seeking that "a Judgment of Divorce be granted" to him from Eva (transcript at 125). This action resulted in a "Default Judgment of Invalidity of Marriage", dated April 3, 1972, in which it was adjudged:

"That the relationship between the Plaintiff, JAMES E. COX, and the Defendant, EVA COX, that commenced on or about October, 1949, and which continued to on or about July, 1961, did not constitute a marriage between the parties, either Common Law or legal, and that the relationship of husband and wife did not result therefrom."

(Transcript at 129.) Eva moved to set aside this default judgment on the ground that the relief granted was inconsistent with the allegation of a "Common Law marriage" in Mr. Cox's complaint (transcript at 133–35); this motion was dismissed. (Transcript at 139.) Relying primarily upon the judgment of invalidity of marriage, the Administrative Law Judge found that Bobbie was entitled to the wife's benefits. The Appeals Council reversed on its own motion, finding that the judgment of invalidity of marriage was not binding on the Secretary and was contrary to Michigan law.

The issue can be narrowed to a single question: Did the relationship between Eva and the insured constitute a common law marriage under Michigan law? If it did not, then the insured was free to marry Bobbie, and the courts of Michigan would recognize Bobbie as his wife. If it did, then the marriage could not legally be terminated without a divorce, see People v. Lewis, 221 Mich. 164, 190 N.W. 702 (1922), and the later marriage to Bobbie would be invalid. In re Meredith's Estate, 279 Mich. 298, 302, 272 N.W. 683 (1937).

The requirements for a common law marriage in Michigan were set forth in In re Meredith's Estate, supra. The court there held that no common law

marriage resulted despite 27 years of cohabitation during which the couple was known as husband and wife and purchased real estate as husband and wife. Both parties testified that there was never any agreement to become husband and wife. The court stated:

"[T]o establish a common-law marriage, it is not alone sufficient that the parties cohabited and were known as husband and wife, but it is essential that it also be shown that there was a present agreement between the parties to take each other as husband and wife."

279 Mich. at 303, 272 N.W. at 685.

The evidence in this case that tends to establish a common law marriage between Eva and the insured may be summarized briefly. In a statement signed by James Cox on October 20, 1971, it is represented that "I had previously had a common law marriage relationship with Eva Lewis for about 9 years ending in 1961". (Transcript at 74.) A quit claim deed dated May 27, 1958, conveyed property from "James E. Cox, a married man . . . to Eva Cox, his wife". (Transcript at 117.) A bank account was held in the name of "James E. Cox or Eva Cox". (Transcript at 118.) An insurance certificate in the name of James Elconie Cox lists the beneficiary as "Eva Cox—Wife". (Transcript at 122.) In a statement of marital relationship signed by James E. Cox on April 20, 1971, it is stated that Mr. Cox believed that he was legally married to Eva and that "I felt just as married as with my previous wives". (Transcript at 106.) In the same statement it is represented that the previous wives were by ceremonial marriage. (Transcript at 107.) In a statement signed by Eva on April 20, 1971, it is represented that "I considered the common law marriage just as binding but we were eventually going to be married". (Transcript at 110.) In his complaint for a divorce, James Cox stated that "on the 1st day of January, 1950, or thereabout, plaintiff and defendant [Eva] entered into a Com-

mon Law marriage at Harlan, Kentucky". (Transcript at 124.)

■ Under the standard for common law marriage set forth in *Meredith*, these documents and representations by James and Eva Cox are clearly sufficient to establish an agreement to take each other as husband and wife. Were this court to apply the Michigan law to these facts as an original matter, it would be compelled to find that James and Eva had a common law marriage. However, under 42 U.S.C. § 416(h)(1)(A) the court must determine what the courts of Michigan would find, and the default judgment of invalidity of marriage cannot be ignored. *See Collins v. Celebrezze*, 250 F.Supp. 37 (S.D.N.Y. 1966); *Zeldman v. Celebrezze*, 252 F. Supp. 167 (E.D.N.Y.1965). The record shows a facially regular proof of service (transcript at 128), and no ground for setting aside the judgment was found by the Wayne County Circuit Court. (Transcript at 139.) No appeal was taken from this decision. Under these circumstances, the Michigan Supreme Court would recognize the judgment as "the highest and final evidence of the facts involved", *Floyd v. Roberts*, 331 Mich. 687, 691, 50 N.W.2d 184, 186 (1951), and give it full res judicata effect. The only conceivable ground for setting aside the default at this stage would be a finding that "manifest injustice or an unconscionable result flows from the default". *Zinn v. Fischer Distributing Co.*, 27 Mich.App. 591, 183 N. W.2d 859 (1970), *quoting McDonough v. General Motors Corp.*, 6 Mich.App. 239, 148 N.W.2d 911 (1967). Under the circumstances of this case, it would be unjust to award the wife's benefits to Eva, who has not lived with the insured for over fourteen years and has no present marital relationship with him.

The court therefore holds that Bobbie Cox is the wife of the insured under 42 U.S.C. § 416(h)(1)(A); accordingly, plaintiff's motion for summary judgment is granted.

The issue remains as to whether the Secretary should be required to pay benefits to Bobbie retroactively to the date of entitlement, in view of the fact that payments have been made to Eva during this period. Presumably, the Secretary will be precluded from the recovery of any overpayment from Eva, since she is apparently without fault under the circumstances of this case and "recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience". 42 U.S.C. § 404(b). The result of retroactive payment would, on these assumptions, be a double burden on the Social Security fund. Making the recovery prospective only, on the other hand, would eliminate the possibility of a court-awarded attorney fee for plaintiff's counsel, since such fees are limited to cases in which past-due benefits are recovered. 42 U.S.C. § 406(b)(1). It would also contravene the policy of § 404(a)(2), which provides:

> "With respect to payment to a person of less than the correct amount, the Secretary shall make payment of the balance of the amount due such underpaid person . . . ."

In view of the conflicting considerations, the court directs the parties to file legal memoranda within fourteen days of the date of this opinion on the issue of whether the benefits should be made retroactive.

An appropriate order may be submitted.