## FLOYD *v.* ROBERTS.

1. JUDGMENT—MOTION TO SET ASIDE DEFAULT—SERVICE OF PROCESS.
    Denial of renewal of a defendant's motion to set aside default judgment because of alleged nonservice of process without an appeal having been taken resulted in a final determination that such defendant was served with process.

2. SAME—EVIDENCE OF FACTS INVOLVED.
    The record of a court, judicially determined to be entirely regular, must be accepted as the highest and final evidence of the facts involved.

3. SAME—RES JUDICATA—MOTION TO SET ASIDE DEFAULT.
    Judgment in action at law upon which plaintiff's bill in aid of execution was based was properly not set aside on defendant's cross bill to vacate such judgment on the ground of fraud, where subsequent to entry of default judgment cross-plaintiff moved to set aside default on another ground and took no appeal from denial of such motion, the order of denial being *res judicata* of the validity of the judgment.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 30 Am Jur, Judgments §§ 217, 218.
[2] 30 Am Jur, Judgments § 178.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted October 9, 1951. (Docket No. 55, Calendar No. 45,236.) Decided December 3, 1951.

Bill by Eddie Floyd against Verna Roberts, also
known as Verna Snell, and as Blanche Snell, and
others in aid of execution. Cross bill by defendant
Verna Roberts against plaintiff to set aside judgment. Cross bill dismissed. Defendant appeals.
Affirmed.

*Harry B. Letzer,* for plaintiff.

*Charles Bowles,* for defendant.

NORTH, J. Plaintiff by his bill of complaint seeks
relief in aid of an execution issued in a suit at law
by plaintiff against defendant Verna Roberts, also
known as Verna Snell and as Blanche Snell, whom
we designate herein as Blanche Snell. Sade B.
Roberts and Moncie A. Roberts are 2 other defendants in the instant suit. The execution was return unsatisfied and this suit in equity followed.
Answer to the bill of complaint was filed by defendant Blanche Snell and also by defendant Moncie A.
Roberts. Default was entered against defendant
Sade B. Roberts. The defendants who answered
denied the material allegations of plaintiff's bill of
complaint, which will be noted more fully hereinafter.
At a pretrial hearing defendant Blanche Snell was
granted leave to amend her answer and to file a
cross bill. Plaintiff moved to dismiss the cross bill
filed by Blanche Snell, assigning as one of the reasons in support of his motion the following: *Res
judicata,* in that the issues presented by the cross bill
had been previously litigated in the suit at law between himself and cross-plaintiff herein. Plaintiff's
motion to dismiss the cross bill of Blanche Snell was

heard and granted. This appeal by Blanche Snell followed.

Appellant contends that the allegations in her cross bill were sufficient to justify granting to her the relief sought, which was vacating and setting aside a $1,500 default judgment plaintiff had obtained against her evidently on the ground of breach of her purchase contract, that plaintiff be permanently restrained from taking any action to collect the judgment, and that cross-plaintiff be decreed recovery from cross-defendant of an amount of money which she had paid to him incident to the purchase of his vendee's contract interest in certain Detroit real property.

In general, the factual background of this litigation is as follows: Plaintiff, Eddie Floyd, possessed a contract vendee's interest in certain Detroit real property of which he wished to dispose. Cross-plaintiff, Blanche Snell, purchased from cross-defendant his contract interest and made a down payment of $700. She also agreed to assume and pay a mortgage outstanding against the property in the sum of $1,100. In her cross bill she alleges that in purchasing the property she relied upon the representation of cross-defendant that the building on the purchased property, then occupied by 3 separate tenants, was a 3-family structure and was yielding an income of $150 per month; that in reliance upon such representations cross-plaintiff purchased the property and made the down payment of $700; that very shortly thereafter cross-plaintiff was informed by the tenants that the structural alterations, by which an attempt to convert the property from a single dwelling to a 3-family structure, were in violation of lawful regulations, and that the building department had so notified the tenant occupants, "all of which (being true) was dishonestly and fraudulently concealed by the cross-defendant from this

cross-plaintiff and that such concealment on the part of said cross-defendant was for the dishonest and fraudulent purpose of misleading cross-plaintiff and to thereby fraudulently induce her to purchase said premises and that the said cross-defendant throughout the entire transaction knew that only one family could be permitted to occupy said building and that the other 2 families would be required to vacate the premises and that instead of receiving an income of $150 a month from said property, cross-plaintiff would only realize $50 a month." *Fred Macey Co. v. Macey,* 143 Mich 138 (5 LRA NS 1036). And cross-plaintiff further alleges in her cross bill that when she became informed of the above-stated facts she asked cross-defendant to cancel the contract sale of his interest in the property to her, to return the money she had paid to him, and to release her from her agreement to pay the $1,100 mortgage; but cross-defendant refused to cancel the transaction except on condition she would waive return of the $700 down payment. Cross-plaintiff also alleges that shortly after the purchase 2 of the tenants vacated the property, reducing the income therefrom to $50 per month, in consequence of which cross-plaintiff was unable to keep up her contract payments and she thereupon assigned her interest in this property to defendant Moncie A. Roberts, from whom she had borrowed $400 to enable cross-plaintiff to make the $700 down payment to cross-defendant.

In his bill in aid of execution plaintiff, Eddie Floyd, alleges that the conveyance or assignment by Blanche Snell to Moncie A. Roberts of her interest in a described parcel of real estate, and also a like transfer by Blanche Snell of her interest in another described parcel to defendant Sade B. Roberts, were without consideration and with the sole purpose of defrauding creditors of defendant Blanche Snell.

It is these 2 parcels upon which cross-defendant has levied.

As above noted, one of the grounds asserted by cross-defendant in support of his motion to dismiss the cross bill is *res judicata* of the validity of the $1,500 default judgment which in the suit at law was rendered in favor of cross-defendant. It is this judgment cross-plaintiff now seeks by her cross bill to have "vacated and set aside and held for naught." In support of her claim to this equitable relief cross-plaintiff relies upon the alleged fraud of cross-defendant above outlined.

But the record discloses that shortly subsequent to judgment in the suit at law cross-plaintiff, Blanche Snell, made a motion therein that her default be set aside and a new trial granted. So far as disclosed by the instant record she did not assert in support of her motion the alleged fraud now asserted in her cross bill. Instead, she relied upon her claim that she was not served with process in the law case. The trial court heard her motion, at which hearing testimony was taken including that of the officer who had made return of personal service on Blanche Snell. The motion was denied. It was renewed and again denied. No appeal was taken by Blanche Snell. This resulted in a final determination that Blanche Snell was served with process in the suit at law.

"That the record of a court, judicially determined to be entirely regular, must be accepted as the highest and final evidence of the facts involved, was decided in *Steele* v. *Bliss,* 170 Mich 175, 184, and the validity of that principle is not affected by the fact that on rehearing we changed our opinion therein on another ground." *Dodge* v. *Detroit Trust Co.,* 300 Mich 575, 596.

We know of no reason why Blanche Snell in her motion to have the default set aside and for a new

trial, as a matter of appealing to the discretion of the trial judge, might not have then asserted the claim of fraud now relied upon in her cross bill, and had she appeared in the suit at law and contested plaintiff's right to recover she might have then asserted as an affirmative defense her claim of fraud; and in a cross action asserted a right to recover from plaintiff the money paid to him by her. Under the circumstances there is no justifiable reason for concluding that the above determination of the trial judge in the suit at law was not *res judicata* of the validity of the judgment which cross-plaintiff now seeks to have "vacated and set aside and held for naught."

Dismissal of the cross bill by the circuit judge is affirmed, with costs to appellee.

REID, C. J., and BOYLES, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.