341 So.2d 232 (1976)
SIMCO OPERATING CORPORATION, a Florida Corporation, Appellant,
v.
CITY NATIONAL BANK OF MIAMI BEACH, a Federally Chartered Banking Corporation, Formerly Known As North Shore Bank, Appellee.
No. 75-1785.
District Court of Appeal of Florida, Third District.
December 23, 1976.
Rehearing Denied January 13, 1977.
*233 Grusmark, Jaffe & Karten, Fort Lauderdale, for appellant.
Lapidus & Hollander, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant was the plaintiff below and appellee was the defendant. Appellant appeals a final summary judgment entered against it on October 24, 1975.
Appellant filed its complaint for fraud against appellee alleging that appellee had induced appellant to purchase a long term leasehold interest in a certain hotel property by representing to appellant that it would refrain from enforcing the terms of a defaulted first mortgage it held on said property. More specifically, the allegations charged that appellee had advised appellant that the "balloon payment provision" called for by virtue of a modification in the terms of the mortgage would be waived and that appellee would accept monthly payments toward the satisfaction of said mortgage.
Some time after appellant purchased the leasehold, it sold its interest to a third party, taking back a purchase money mortgage. Appellee then foreclosed its mortgage asserting the "balloon payment provision" and obtained a final judgment of foreclosure, wiping out appellant's junior lien.
In answering the aforementioned complaint, appellee set up the defenses of res judicata and estoppel by judgment. In addition, appellee propounded various requests for admissions, requesting appellant, among other things, to admit the genuineness of its amended answer and affirmative defenses filed in the prior mortgage foreclosure proceeding. Appellant did in fact admit the genuineness of said document.
Appellant's answer and affirmative defenses filed in the prior foreclosure proceeding were virtually the same allegations set forth in appellant's complaint in the instant action, i.e., that appellee, in allegedly agreeing to waive the "balloon payment provision" of the mortgage, fraudulently induced appellant to originally purchase the leasehold interest and later take back a purchase money mortgage (junior lien) upon the subsequent sale of the lease to a third person.
In addition to the above admission, appellant admitted appellee's request for admission number (5), which provided in part that:
"... The issues set up in the Amended Answer were actually tried to that Court."
On May 29, 1975, based upon the above admissions, and the doctrines of estoppel by judgment and res judicata, appellee filed its motion for summary judgment. Final summary judgment was entered and this appeal follows.
Appellant contends that the lower court erred in granting a final summary judgment in appellee's favor based upon either the doctrines of res judicata or estoppel by judgment because the cause of action in the present lawsuit is based upon fraud and deceit, while the prior mortgage foreclosure action was strictly determinative of superior lien rights.
Appellee responds by stating that although the causes of action may have differed in the two lawsuits, nevertheless, the same matters were actually litigated and determined in appellee's favor in the prior *234 lawsuit. With the above in mind, appellee contends that the lower court did not err in granting its motion for summary judgment upon either of the two aforementioned legal doctrines.
After a careful review of the contentions raised by appellant in the prior mortgage foreclosure action, it would appear that the question of whether or not appellant was fraudulently induced into believing that the "balloon payment provision" would not be utilized by appellee was answered in appellee's favor. In granting appellee a final judgment of foreclosure, the court obviously held that the aforementioned provision was in effect and that the use of appellant's defense of fraudulent inducement to invalidate the provision was without merit. Coupled with appellant's admission that the same issues involved in the present lawsuit were actually tried in the prior cause, we are left with no other reasonable alternative than to hold that appellant's lawsuit is barred by the doctrine of "estoppel by judgment."
Under the doctrine of "estoppel by judgment," even where different causes of action are involved, the parties are nevertheless estopped by judgment from thereafter litigating issues that are common to both causes of action and were actually adjudicated in that prior litigation. Smith v. Florida East Coast Railway Company, 151 So.2d 70 (Fla.3d DCA 1963).
Having held that the doctrine of "estoppel by judgment" is applicable, we need not determine whether or not the similar doctrine of "res judicata" might also be utilized to bar appellant's current lawsuit.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities discussed, the judgment appealed is affirmed.
Affirmed.