KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order entered by the trial court dismissing with prejudice his class action complaint, as amended, seeking compensatory and punitive damages from ap-pellee, defendant below, for the breach of express and implied warranties, negligence, strict liability, and fraudulent concealment involving his, and all other persons similarly situated, purchase of allegedly defective tires from appellee. We,affirm in part and reverse in part.
Appellant’s basic contention on appeal is that his amended complaint was legally sufficient and that its dismissal with prejudice was improper.
In our opinion, that part of the trial' court’s order dismissing with prejudice appellant’s amended complaint as a class action and as an action for breach of express warranty was proper. The only express warranty involved in the pleadings in this cause shows, on its face, that it applies to the use of appellee’s tires on only American automobiles, not foreign cars such as the one used by appellant; therefore, appellant is not within any class or covered by any express warranty alleged or shown in the record. See Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2d DCA 1963); and Fla.R. Civ.P. 1.220. Accordingly, those portions of the trial court’s order dismissing with prejudice appellant’s amended complaint in regard to a class action and for breach of an express warranty are affirmed.
However, in regard to the other allegations in appellant’s amended complaint, we believe that it would serve the best interests of justice for him to be allowed to further amend his complaint to state any cause of action which he may have. See, e. g., Rice v. Walker, 359 So.2d 891 (Fla. 3d DCA 1978). Accordingly, we affirm the remaining portions of the trial court’s order *680 dismissing appellant’s amended complaint, except, other than as provided for above, that portion doing so with prejudice. The cause is remanded for further proceedings.
Affirmed in part, reversed in part, and remanded.