UPCHURCH, JOHN J., Associate Judge.
Counterdefendant American National Bank asserts that the judgment on counter-plaintiff Egidi’s counterclaim cannot stand since the bank had prevailed in an earlier adjudication of affirmative defenses based upon the same facts and legal theories that formed the basis of the counterclaim.
*52 American National brought separate actions against Mr. Egidi and Mr. and Mrs. Egidi alleging that an installment loan, secured by a boat, and a demand note, were in default. The bank obtained a writ of replevin in the installment loan case, repossessed the boat, and sold it. Subsequently Egidi filed affirmative defenses based upon the bank’s alleged wrongful replevin, and a counterclaim seeking damages based upon the same transactions. The eases were consolidated and the bank moved for summary judgment. The trial court entered final summary judgment for the balance due on the two notes, less a credit for the bank’s sale of the boat pursuant to the writ of replevin. The court stayed execution pending the outcome of the counterclaim, which proceeded to a jury trial and a verdict in favor of Egidi.
The issue is whether the judgment on the counterclaim can stand undisturbed in light of the court’s earlier adjudication of the affirmative defenses to the opposite effect.
Under the doctrine of estoppel by judgment, the parties are estopped from thereafter litigating issues that are common to two causes of action and actually adjudicated in the prior litigation. Smith v. Florida, East Coast Railway Company, 151 So.2d 70 (Fla.3d DCA 1963), writ discharged 162 So.2d 663 (Fla.1964); Simco Operating Corp. v. City National Bank of Miami Beach, 341 So.2d 232 (Fla.3d DCA 1977), cert. denied 348 So.2d 952 (Fla.1977). This is similar to the familiar principle of res judicata in that a matter once judicially decided is finally decided. Res judicata is applicable as a bar to an action where the same issue was presented as a defense in an earlier suit resulting in a judgment adverse to the party bringing the subsequent claim. Butler v. Richard Bertram & Company, 281 So.2d 227 (Fla.3d DCA 1973).
Included in the court’s summary judgment in favor of the bank was an adjustment for the proceeds of the boat’s sale. Egidi’s affirmative defenses had denied the bank’s right to possession of the boat. Thus the summary judgment implicitly rejected defendant’s affirmative defenses as it approved the bank’s possession and sale of the boat, and accounted for these activities in its calculation of the sums due the bank from Mr. and Mrs. Egidi. The right of possession was resolved in favor of the bank upon entry of the final summary judgment. The doctrines of estoppel by judgment and res judicata prohibit relitigation of that issue in the context of a counterclaim which raises the same facts, issues, and transactions previously set to rest when the affirmative defenses were resolved.
The judgment below is reversed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.