NESBITT, Judge.
The appellant, defendant below, appeals from an order denying her motion to vacate a final judgment which foreclosed a chattel mortgage on a boat.
The appellant contends the trial court erred in denying her motion to vacate because the record demonstrates that the plaintiff waived the benefit of the final judgment in his favor by: (1) filing an amended complaint; (2) filing a reply to the affirmative defenses raised in an answer filed by the defendant; and (3) taking the defendant’s deposition. We disagree and affirm.
The appellee, plaintiff below, originally commenced his action on a three-count complaint which sought to: (1) collect on a promissory note; (2) foreclose a chattel mortgage upon the boat; and (3) foreclose an equitable lien on the boat. Admittedly, the defendant did not initially file an answer or any other responsive pleading to the complaint. Consequently, the plaintiff procured a final judgment of foreclosure on May 19, 1979.
On June 21, 1979, an alleged subsequent purchaser filed a motion to intervene[1] as authorized by Florida Rule of Civil Procedure 1.230. In the order granting the motion to intervene, the trial court authorized the plaintiff to amend his complaint “to name the Intervenor as an additional Party Defendant.” The plaintiff then filed an “Amendment to Counts II and III of the Complaint,”[2] copies of which were served upon the original defendant who ultimately filed an answer to the supplemental complaint. The answer contained affirmative defenses to which the plaintiff filed a reply. Additionally, the defendant’s discovery deposition was taken.
On May 9, 1979, the original defendant, appellant, filed a motion to vacate the final judgment of foreclosure contending that the record established the foregoing facts and that therefore the plaintiff had waived the benefit of the final judgment previously entered. The same contention is raised by the defendant in this appeal. The trial judge ruled against the defendant on her motion and we agree.
The effect of the final judgment which had been entered between the original parties was to merge all causes of action which were or could have been alleged and thereby rendering all such issues res judica-ta. Cabinet Craft, Inc. v. A. G. Spanos Enterprises, Inc., 348 So.2d 920, 922 (Fla.2d DCA 1977). Crucial to our decision is our *799 view that, as between the original parties, the supplemental complaint created virtually no new issues nor enlarged upon the original issues (raised in the initial complaint) or the relief granted to the plaintiff. Unless and until the final judgment between the original parties is vacated, there is nothing further to be litigated between these parties. The service of supplemental pleadings upon the original defendant were a nullity. At most, it was a courtesy. The filing of an answer by the original defendant was unwarranted as long as the issues between them were res judicata. The erroneous exchange of pleadings by both attorneys was not sufficient to vacate or waive the default. Had the defendant desired to litigate the matter, it was incumbent upon her to file a legally sufficient motion to vacate the default pursuant to Florida Rule of Civil Procedure 1.540(b) as expressly authorized by Florida Rule of Civil Procedure 1.500(d). While we consider the motion to have been made pursuant to the cited rule, it is apparent that the pleader misapprehended the res judicata effect of the final judgment as between the original parties and failed to allege a sufficient basis to warrant setting aside the default judgment.
For the foregoing reasons, the order appealed from denying the motion to vacate the final judgment is affirmed.

. The proper motion for the “intervenor” to have filed would have been a motion to substitute the parties pursuant to Florida Rule of Civil Procedure 1.260(c) which states:
Rule 1.260. Survivor; Substitution of Parties
(c) Transfer of Interest. In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party....

. The erroneously styled “amended complaint” would have been more appropriately titled a supplemental complaint pursuant to Florida Rule of Civil Procedure 1.190(d).