402 So.2d 54 (1981)
Paul RHYNE, Trading As Paul Rhyne Plumbing, Appellant,
v.
MIAMI-DADE WATER AND SEWER AUTHORITY and Protean Investors, Inc., Appellees.
No. 81-176.
District Court of Appeal of Florida, Third District.
August 11, 1981.
Don R. Livingstone, South Miami, for appellant.
Henry H. Harnage of Worley and Gautier, Floyd, Pearson, Stewart, Richman, Greer & Weil and Bruce A. Christensen, Miami, for appellees.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
PER CURIAM.
Paul Rhyne, trading as Paul Rhyne Plumbing appeals from a summary judgment *55 entered in favor of appellees Protean Investors, Inc. and Miami-Dade Water and Sewer Authority. The issue on appeal is whether the trial court erred in granting defendant/appellee's summary judgment on the basis of appellees' affirmative defense of res judicata.
The defense of res judicata arises from a mortgage foreclosure action by Bankers Trust Company of New York against Milam Interchange Industrial Park, Inc., owner of a residential construction project, and various other defendants including appellant Rhyne Plumbing which had filed a mechanics lien on the property. In this action, Rhyne filed a counter-claim against Bankers Trust for materials and services rendered Milam under Rhyne's sub-contract with Martin Friedman Construction Co., Inc.
On April 7, 1976, a partial summary judgment was entered against Rhyne as to Counts I, II, III and IV of its counter-claim and on August 9, 1979, a summary final judgment of foreclosure was entered which incorporated the previous partial summary judgment. In rejecting Count III, the lower court necessarily found that the personal property of Rhyne was subject to the mortgage and security documents of Bankers Trust and transferred any interest of Rhyne to Bankers Trust.
According to the provision in the prior summary judgment, Bankers Trust assigned its foreclosure sale bid to Protean. On November 24, 1976, Protean conveyed the property to appellee Miami-Dade Water and Sewer Authority. Appellee Miami-Dade claims the act of conveying from Protean to the Authority was the same act as required of Milam had the foreclosure adjudication not occurred.
The doctrine of res judicata bars a second action between the same parties or their privies on the same issues decided below. Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972) (elements of res judicata: (1) identity in thing sued for, (2) identity of cause of action, (3) identity of persons and parties to actions, and (4) identity of quality or capacity for or against whom claim is made). Compare Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977) (collateral estoppel requires identity of parties and issues that were fully litigated and determined in another forum) with St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp., 605 F.2d 1169 (10th Cir.1979) (collateral estoppel an aspect of res judicata) and Vera v. Garcia, 390 So.2d 797 (Fla. 3d DCA 1980) (subsequent action barred where no new issue), and American National Bank & Trust Co. of Fort Lauderdale v. Egidi, 388 So.2d 51 (Fla. 4th DCA 1980) (under doctrine of estoppel by judgment, parties are estopped from litigating issues actually adjudicated in prior litigation; res judicata is applicable as bar to action where same issue is presented as defense in earlier suit resulting in judgment adverse to party bringing subsequent claim).
As assignee of the judgment, Protean is entitled to all the beneficial interests, rights and remedies of the assignor. And, as assignee, Protean is clearly a privy of Bankers Trust, subject to the application of res judicata. See St. Louis Baptist Temple, Inc., supra at 1175, stating that "privity exists in relation to subject matter between prior and instant litigation if the parties to the instant litigation claim under the same title," and quoting from 46 Am.Jur.2d, Judgments, § 532, pp. 684, 685 as follows:
Under this rule, privity denotes mutual or successive relationship to the same right of property, so that a privy is one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase, or assignment. There is privity within the meaning of the doctrine of res judicata where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, or lienor of property. This is in harmony with the view that a judgment is binding on privies because they are identified in interest, by their mutual or successive relationship to the same rights of property which were involved in the original litigation.
*56 The above definition of privy applies also to appellee Miami-Dade who is a transferee in interest. See also 1B Moore's Federal Practice (2d ed. 1974), § .0411[1]. See, e.g., Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (res judicata bars further claims by parties or their privies based on same cause of action); Small Business Administration v. Taubman, 459 F.2d 991 (9th Cir.1972) (counter-claim of assignee which asserted same cause of action previously asserted by assignor barred by res judicata).
Rhyne asserts that he should be paid for his work. Unfortunately for Rhyne, his right to payment for the materials and services which are the subject of this suit was foreclosed by the prior adjudication in favor of Bankers Trust and its privies, including assignees and transferees, and his present claim is barred by the doctrine of res judicata.
Rhyne's argument that there was a separate binding oral agreement for payment between Rhyne and Miami-Dade Water and Sewer Authority is without merit.
Affirmed.