406 So.2d 1165 (1981)
AGB OIL COMPANY, a Florida General Partnership between Guy B. Bailey and Areca S. Bailey, Guy B. Bailey and Areca S. Bailey, Appellants,
v.
CRYSTAL EXPLORATION AND PRODUCTION COMPANY, a Florida Corporation, Appellee.
No. 80-2451.
District Court of Appeal of Florida, Third District.
November 10, 1981.
Rehearing Denied December 18, 1981.
*1166 Bailey & Dawes and Jesse C. Jones, Miami, for appellants.
Steel, Hector & Davis and William L. Courshon, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In 1974, AGB Oil Company and Crystal Exploration and Production Company entered into a Colorado limited partnership (Caloosa 1974) in which AGB would be a limited partner and Crystal the general partner. As part of this agreement, AGB retained The David Gracer Company, Inc. as its consultant. Gracer's fees were to be paid out of AGB moneys being held by Caloosa. In 1976, in the United States District Court for New Jersey, Gracer sued Caloosa for fees allegedly due it. Caloosa, acting by its general partner Crystal, brought a third-party complaint against AGB, seeking an adjudication that any sum due Gracer would be paid solely out of property of AGB then or thereafter in the hands of Crystal. A default judgment was entered in favor of Crystal against AGB. Thereafter, Crystal settled the suit with Gracer and consented to the entry of a judgment against it in the amount of $260,000, which, of course, meant that that sum would be paid out of AGB's property. AGB moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b). Its motion was denied and the United States Court of Appeals, Third Circuit, affirmed the denial without opinion.
Three years later, AGB sued Crystal in the Dade County Circuit Court. The trial court dismissed with prejudice one count of AGB's multi-county complaint on the grounds that the claim stated therein was barred by res judicata. This appeal is taken from that dismissal.[1]
The count in question essentially alleges the history of the Federal Court action and, pertinent here, says that Crystal, by consenting to the entry of a default judgment, (a) violated a controlling provision of the Colorado Limited Partnership Act, which prohibits a general partner from consenting to a judgment against the limited partnership without the written consent of the limited partner,[2] and (b) willfully interfered with AGB's efforts to settle the Gracer claim, presumably under more beneficial terms than the ultimate settlement agreed to by Crystal. We affirm the dismissal of this count.
Rule 60(b) of the Federal Rules of Civil Procedure, under which AGB sought to set aside the Federal Court default judgment, authorizes relief from a final judgment, order or proceeding on, inter alia, the following grounds:
"(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

... .
"(6) any other reason justifying relief from the operation of the judgment." (emphasis supplied).
AGB's allegations in the court below that Crystal breached its fiduciary duties in consenting to the entry of judgment constitute not only "other misconduct of an adverse party," an available basis for relief from a judgment under Rule 60(b)(3), but also constitute "any other reason justifying relief *1167 from the operation of the judgment," an available basis for relief under Rule 60(b)(6).[3] Thus, AGB's present claim that Crystal breached its fiduciary duties could have been raised as grounds for relief under Federal Rule of Civil Procedure 60(b) in the Gracer lawsuit.[4]
The law is well settled that when a fact, an issue, or a cause of action has been decided by a court of competent jurisdiction, neither of the parties involved shall be allowed to call into question and relitigate the thing decided, so long as the judgment or decree stands unreversed. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952); Simco Operating Corporation v. City National Bank of Miami Beach, 341 So.2d 232 (Fla.3d DCA 1977). This principle of res judicata applies as well to default judgments, Hay v. Salisbury, 92 Fla. 446, 109 So. 617 (1926), and to issues raised as a defense, Butler v. Richard Bertram & Co., 281 So.2d 227 (Fla.3d DCA 1973).
More important for present purposes is that res judicata applies to matters raised by motion. See Castro Convertible Corporation v. Castro, 596 F.2d 123, aff'd on rehearing, 600 F.2d 545 (5th Cir.1979) (motion to intervene); see also Brotherhood of Locomotive Firemen and Engineermen v. Seaboard Coast Line Railroad Co., 413 F.2d 19 (5th Cir.), cert. denied, 396 U.S. 963, 90 S.Ct. 432, 24 L.Ed.2d 426 (1969); Hann v. Carson, 462 F. Supp. 854 (M.D.Fla. 1978); Volkswagen Insurance Company v. Taylor, 201 So.2d 624 (Fla. 1st DCA 1967) (motions for summary judgment); Malicoat v. LaChappelle, 390 So.2d 481 (Fla. 4th DCA 1980) (order denying motion to set aside default judgment is res judicata and bars subsequent motion to set aside the default and to vacate the final judgment brought on virtually the same grounds as the original motion). See also Sottile v. Gaines Construction Company, 281 So.2d 558 (Fla.3d DCA 1973).
In the present case, the issue of breach of fiduciary duty could have been raised by AGB, if, indeed, it was not, as a ground for its motion to set aside the default judgment entered against it in the Federal Court. Although the question has never been directly addressed in Florida, courts elsewhere have consistently held that issues determined on a motion to set aside a default judgment or to vacate a final judgment are res judicata. See, e.g., American Surety Company v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231 (1932); Sabin v. Home Owners' Loan Corporation, 151 F.2d 541 (10th Cir.1945), cert. denied, 328 U.S. 840, 66 S.Ct. 1011, 90 L.Ed. 1615 (1946); Kithcart v. Metropolitan Life Insurance Co., 119 F.2d 497 (8th Cir.1941), cert. denied sub nom., United States ex rel. Kithcart v. Gardner, 315 U.S. 808, 62 S.Ct. 793, 86 L.Ed. 1207 (1942); Reeves v. Hutson, 144 Cal. App.2d 445, 301 P.2d 264 (1956); Kamp Implement Co. v. Amsterdam Lumber, Inc., 166 Mont. 435, 533 P.2d 1072 (1975); Wilson-Harris v. Southwest Telephone Co., 193 Okla. 194, 141 P.2d 986 (1943); Brett v. Fielder, 136 Okla. 222, 277 P. 216 (1929); Spokane Merchants Association v. First National Bank of Coleville, 86 Wash. 367, 150 P. 434 (1915). See also Iacaponi v. New Amsterdam Casualty Co., 258 F. Supp. 880 (W.D.Pa. 1966); Joe Walsh Advertising, Inc. v. Phillips Tire and Supply Company, 498 P.2d 1391 *1168 (Okl. 1972). Since the doctrine of res judicata applies not only to issues raised and decided, but also to every matter which might have been raised,[5]Gordon v. Gordon, supra; Hay v. Salisbury, supra; Wise v. Tucker, 399 So.2d 500 (Fla. 4th DCA 1981); Floyd v. Roberts, 331 Mich. 687, 50 N.W.2d 184 (1951),[6] AGB is barred by the doctrine from relitigating the matters contained in the dismissed count of its complaint.
It otherwise appearing that the allegations on the face of the disputed count of AGB's complaint demonstrate the existence of the necessary elements of the defense of res judicata, see Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla.3d DCA 1979), and that therefore the defense is cognizable on a motion to dismiss,[7] the order of the trial court is
Affirmed.
NOTES
[1] This count alleges a cause of action distinct and separate from the other counts of the complaint, and we thus have jurisdiction over this appeal. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
[2] Crystal contends that the facts belie AGB's claim that Crystal consented to a judgment against AGB. It is irrelevant to this appeal whether Crystal's consent to a judgment against Caloosa was the equivalent of a consent to judgment against AGB.
[3] As Justice Black stated in Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), in interpreting Rule 60(b)(6):

"In simple English the language of the `other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."
[4] The grounds actually raised by AGB in its motion to set aside the default judgment are not before us. Although AGB concedes in its brief that its motion alleged that Crystal breached its fiduciary duty by settling with Gracer, the face of its complaint merely states that it filed all appropriate motions for relief. Since this is an appeal from a dismissal, only those matters appearing on the face of the complaint can be considered by us. See Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977). But because it is apparent from the complaint that the grounds for relief which AGB now raises could have been raised in its motion to set aside the default judgment, we need not concern ourselves with what was actually raised.
[5] AGB correctly points out that the doctrine of collateral estoppel requires that the prior issues be actually raised and determined. See, e.g., Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla.3d DCA 1979). But Crystal's argument below and here is based on res judicata, the conditions of which are harder to meet, but the reach of which is far broader.
[6] In Floyd v. Roberts, supra, the plaintiff brought an action for breach of a real estate sales contract and obtained a default judgment. Defendant moved to set aside the default on the sole ground that she did not receive service of process. The motion was denied. Plaintiff later sued in aid of an execution, and defendant filed a counterclaim for damages alleging fraud. The court held that while the defendant did not assert the claim of fraud in her motion to set aside the default, she could have done so, and had she not defaulted in the original action, she could have asserted fraud as an affirmative defense. The court concluded that res judicata barred defendant's counterclaim for damages on the grounds of fraud. Id. at 186. Accord, McInerney's Inc. v. Dunford, 341 Mich. 477, 67 N.W.2d 727 (1954); 7 Moore's Federal Practice 60.40, at 664 (2d ed. 1979) ("a federal judgment rendered in a [Rule] 60(b) motion proceeding is res judicata of the matters therein adjudged or which were fairly open to judgment").
[7] In Caputo v. Globe Indemnity Company, 41 F.R.D. 239 (E.D.Pa. 1966), it was held that an independent action to set the default judgment aside will not be dismissed on res judicata grounds where a previous motion under Rule 60(b)(1), Federal Rules of Civil Procedure, to vacate the default judgment was rejected as untimely. The court's rationale was that Caputo's claim that his failure to timely file under Rule 60 was a result of excusable neglect had never had been considered, and if such claim were established, the independent action would provide Caputo's first opportunity to attack the default. Without first deciding the excusable neglect claim, the court could not determine whether the grounds asserted for vacating the default judgment could have been raised under Rule 60, and therefore could not dismiss on the basis of res judicata. Later, however, finding that Caputo's neglect was not excusable the court entered judgment against Caputo, holding that since he should have timely filed a Rule 60 motion, his independent action to set aside the default judgment was barred by res judicata. Caputo v. Globe Indemnity Company, 41 F.R.D. 436 (E.D.Pa. 1967). Of course, in the present case where AGB's Rule 60 motion was timely made so that its denial constituted a ruling on the merits, dismissal on res judicata grounds is appropriate.