410 So.2d 536 (1982)
P.J. CONSTRUCTORS, INC., Appellant/Cross-Appellee,
v.
CARTER ELECTRIC COMPANY, Appellee/Cross-Appellant.
No. 81-776.
District Court of Appeal of Florida, Fifth District.
February 3, 1982.
Rehearing Denied March 8, 1982.
*537 Charles T. Moore of Kennedy & Hogeboom, South Daytona, for appellant/cross-appellee.
Peter B. Heebner of Van Wert, Heebner & Kennedy, P.A., Daytona Beach, for appellee/cross-appellant.
DAUKSCH, Chief Judge.
This is an appeal from an order dismissing a second amended complaint. The plaintiff first sued in Dade County and the case was transferred out of Dade County because the venue was improper. The complaint was dismissed twice because it did not state a cause of action. After the second amended complaint was dismissed the appellant moved for a rehearing saying that if one more chance was granted he would be able to allege a cause of action, although he did not proffer a complaint which stated a cause of action. In the brief and at oral argument before this court the appellant has not shown this court that a cause of action against the appellee could be alleged. That is, the appellant has not informed the court of sufficient facts which, if alleged, would support a proper complaint. Thus we find no error in the trial court's having finally dismissed the complaint without leave to amend. However, based upon the record before us, and the briefs and argument of counsel, we are convinced the appellee is correct in its cross-appeal when it urges the trial court should have awarded appellee an attorney's fee in accordance with section 57.105, Florida Statutes:
The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
It is our considered opinion the appellant did not and, under all the facts and law shown to us by appellant, could not ever allege a justiciable issue. For that the appellee is entitled to an award of a reasonable attorney's fee for having to defend the frivolous lawsuit in the trial court and on appeal. Thus we reverse that portion of the trial court's order which denies appellee an attorney's fee and remand this matter for assessment of the same.
AFFIRMED IN PART; REVERSED IN PART.
COBB and COWART, JJ., concur.