439 So.2d 982 (1983)
John J. O'BRIEN, Appellant,
v.
BRICKELL TOWNHOUSE, INC., Howard P. Gross, Jerry A. Gross and Alan Telisman, Appellees.
No. 82-2012.
District Court of Appeal of Florida, Third District.
October 25, 1983.
John J. O'Brien, Miami, in pro. per.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellees.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
This appeal comes to the court following the entry of final summary judgment on the basis of res judicata in favor of appellees. Appellees raised a final judgment of the Federal District Court for the Southern District of Florida as a bar to the instant cause filed in the Circuit Court for the Eleventh Judicial Circuit of Florida. We affirm.
The law is well settled that a final judgment or decree on the merits by a court of competent jurisdiction constitutes an absolute bar to a subsequent suit on the same cause of action and is conclusive of all issues which were raised or could have been raised in the action. Mercer v. Honda Motor Co., Ltd., 551 F. Supp. 233 (M.D.Fla. 1982); Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982); Rhyne v. Miami-Dade Water and Sewer Authority, 402 So.2d 54 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982). Litigants are precluded from relitigating the same issues not only in the same forum, but in a different forum as well. Bennun v. Board of Governors of Rutgers, 413 F. Supp. 1274, 1278 (D.N.J. 1976) ("28 U.S.C. § 1738 extended the Full Faith and Credit provisions of the United States Constitution, Art. 4, § 1, to all courts, federal as well as state"); Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977); AGB Oil Co. v. Crystal Exploration and Production Co., 406 So.2d 1165 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982); Title 28 *983 U.S.C. section 1738. In the instant case, all of the requirements for the application of res judicata have been met. Cf. Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982). The cause of action was fully litigated in the federal district court. The extensive findings of fact and conclusions of law which form the basis of the final judgment of that court dispose of all of the issues asserted in both complaints. More importantly, the final judgment resolves adversely to the appellant the ultimate issue of the liability of the appellees. Since the cause of action in the state court is identical to the cause of action in the federal court, the trial court was eminently correct in entering a final summary judgment on the basis of res judicata. "Once a party has had an opportunity to litigate a matter in an action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent." New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982).
Appellant's second point on appeal, that the trial court erred in dismissing his original complaint which alleged he was a member of a class of plaintiffs seeking a declaration of their rights under the "Deposit Receipt and Purchase of Sale Agreement," is now moot.[1] The federal court decision resolved these issues between these parties. Thus, even if we were to decide that the trial court erred in dismissing the class action complaint, something we need not and will not do, the fact remains that appellant has already litigated this claim against the appellees and lost. Therefore, he is no longer within any putative class which may have claims against the appellees. Stabinski v. Pirelli Tire Corp., 371 So.2d 679 (Fla. 3d DCA 1979); Jackson v. Alterman Transport Lines, Inc., 301 So.2d 795 (Fla. 3d DCA 1974).
Affirmed.
NOTES
[1] Appellant's amended complaint dropped the class allegations entirely and proceeded in his name individually.