PER CURIAM.
Plaintiffs brought a lawsuit in the federal court to recover damages against one Farmingdale upon a liquidated damage provision of a real estate purchase contract. They recovered such a judgment which necessitated an obvious finding of a valid contract. They thereafter instituted an action in the state court attempting to recover against the appellee law firm on several .theories, underlying all of which is the basic position that the contract never came into being. The trial court entered a summary judgment for the appellees and we affirm.
The appellants recovered in the federal proceedings based on the theory they had a valid contract. Having made this election they will not be heard to say in the state court that no such contract ever came into being. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla.1984); Gordon v. Gordon, 59 So.2d 40 (Fla.1952); O’Brien v. Brickell Townhouse, Inc., 439 So.2d 982 (Fla. 3d DCA 1983); AGB Oil Company v. Crystal Exploration and Production Company, 406 So.2d 1165 (Fla. 3d DCA 1981); United States v. Mendoza, — U.S.-, 104 S.Ct. 568, 78 L.Ed.2d 379 (1983); Scarano v. Central R. Co. of New Jersey, 203 F.2d 510 (3rd Cir.1953); In re: Holiday Isles, Ltd., 29 B.R. 827 (S.D.Fla.1983).
Therefore the summary judgment under review is affirmed.
Affirmed.