457 So.2d 1123 (1984)
John J. O'BRIEN, Appellant,
v.
BRICKELL TOWNHOUSE, INC.; Jerry A. Gross; Howard P. Gross and Alan Telisman, Appellees.
No. 83-3042.
District Court of Appeal of Florida, Third District.
October 16, 1984.
John J. O'Brien, Miami, in pro. per.
Podhurst, Orseck Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellees.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
Following the rendition of our opinion, reported O'Brien v. Brickell Townhouse, 439 So.2d 982 (Fla. 3d DCA 1983), the matter recurred in the trial court on a petition for attorney's fees filed by Brickell Townhouse pursuant to the provisions of Section 57.105, Florida Statutes (1983). The trial court granted the petition and entered an award of fees. This appeal ensued.
The appellant contends, first, that the trial court was required to take evidence to determine whether or not the appeal was frivolous, and second, that the record, in fact, demonstrated a justiciable issue of law. There is no requirement that a trial court must take evidence to determine whether a matter is frivolous, it may do it on the record alone. Strothman v. Henderson Medical Health Center, Inc., 425 So.2d 1185 (Fla. 4th DCA 1983). And third, it is clear in the instant case by virtue of the prior affirmance that the appellant was attempting to relitigate in the state courts identical issues which had been resolved, adverse to him, in the federal courts and therefore he did not plead any *1124 justiciable issue and the trial court was correct in the entry of the order here under review. See Debra, Inc. v. Orange County, 445 So.2d 404, 405 (Fla. 5th DCA 1984); Puder v. Raymond International Builders, Inc., 424 So.2d 78 (Fla. 3d DCA 1983); P.J. Constructors, Inc. v. Carter Electric Company, 410 So.2d 536 (Fla. 5th DCA 1982); New River Yachting Center v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1982).
The order under review is hereby affirmed.
Affirmed.