QUINCE, Judge.
Arnold and Anna Eichhorst (the Eich-horsts) appeal the trial court’s granting of Mandalay Shores Cooperative Housing Association, Inc.’s (Mandalay Shores) motion for partial summary judgment based on law of the case. We reverse because the final judgment on which the partial summary judgment was based was reversed by this court.
In 1982 the Eichhorsts and Mandalay Shores entered into a contract for the sale of real property. When the sale did not take place, Mandalay Shores filed a one count complaint for specific performance. The Eichhorsts answered and filed a counterclaim for slander of title. The case proceeded to trial on the complaint only because Mandalay Shores was involved in a bankruptcy proceeding. A final judgment for specific performance was entered by the trial court, but this court reversed finding specific performance not available under the circumstances of the case. See Eichhorst v. Mandalay Shores Cooperative Housing Association, Inc., 477 So.2d 25 (Fla. 2d DCA 1985). Thereafter, the trial court entered a final judgment in favor of the Eichhorsts on the complaint for specific performance. An appeal by Mandalay Shores was quashed.
Mandalay Shores was allowed to file an amended complaint seeking damages and declaratory relief. An answer was filed alleging six affirmative defenses. Mandalay Shores filed a motion for partial summary judgment on the issue of liability. After a response was filed and a hearing held on the motion, the trial court entered an order granting partial summary judgment holding *422 the trial court’s finding of a material breach in the original final judgment was law of the case. We disagree.
This holding by the trial court overlooks the fact that the final judgment which made findings concerning breach of contract was reversed by the appellate decision, and final judgment was eventually entered for the Eichhorsts on that complaint. Although Mandalay Shores correctly points out that a party cannot relitigate an issue or cause that has been decided by a court of competent jurisdiction when that judgment or decree stands unreversed, AGB Oil Co. v. Crystal Exploration, 406 So.2d 1165, 1167 (Fla. 3d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982), the judgment in this case was reversed. While the appellate court did not address the issue of breach of contract, the result of its decision was an invalidation of the original final judgment. Therefore, the trial court erred in using the invalid judgment as law of the case.
The partial summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
PARKER, A.C.J., and BLUE, J., concur.